ORDERED.

**Dated:  April 08, 2024**

Caryl E. Delano
Chief United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
FT. MYERS DIVISION
www.flmb.uscourts.gov

In re:

ISLAND ROOFING AND RESTORATION, LLC

Chapter 11, Subchapter V
Case No. 2:23-bk-01419-FMD

Debtor.

_____/

### ORDER CONFIRMING THE DEBTOR'S CHAPTER 11, SUBCHAPTER V PLAN LIQUIDATION DATED FEBRUARY 20, 2024

This matter came before the Court on March 27, 2024 to consider confirmation of the Chapter 11, Subchapter V Plan of Liquidation filed on February 20, 2024 (Doc. No. 107) (the "Plan") filed by the Debtor, ISLAND ROOFING AND RESTORATION, LLC (the "Debtor") and the Objection to the Plan (Doc. No. 137) ("Objection") filed by Reliant Public Insurance Adjusters, Inc. ("Reliant").

In connection with the confirmation of the Plan, the Court has considered the evidence presented as well as the record of this case, including, but not limited to: (i) the Confirmation Affidavit of Jason Martin, the Debtor's Manager (Doc. No. 140), (ii) the Ballot Tabulation (Doc. No. 139), (iii) the Debtor's Motion for Cramdown (Doc. No. 141), and (iv) proffer from Debtor's

counsel including certain Plan modifications, not otherwise included elsewhere, and included in this Order. Pursuant to the Plan modifications described below, the Debtor's Plan should be confirmed as modified by this Order pursuant to § 1191(b) as a non-consensual Plan. The Motion for Cramdown is granted consistent with this Order.

## **Modifications**

The Plan shall be subject to the following modifications (the "Modifications").

**I.**     Article 7 - Means for Execution of the Plan is hereby amended and restated as follows:

The Debtor shall fund its Plan through an orderly liquidation, including but not limited to, (a) sale of vehicles, inventory, and other tangible assets; (b) collection of accounts receivable; (c) collection of amounts owed on retainage for completed projects; and (d) litigation related collections such as the Empire Litigation.

The Debtor shall complete the sale of the vehicles no later than May 10, 2024 unless extended pursuant to separate Court order. The Debtor shall open a separate debtor-in-possession bank account ("Sale Proceeds DIP Account") with two signatories, with one signatory being Alberto ("Al") F. Gomez, Jr., Debtor's counsel, and the second signatory being the Debtor's principal, Jason Martin. Any check or disbursement to be made from the Sale Proceeds DIP account shall require the signatures of both signatories pursuant to the Court's March 11, 2024 Order Granting Debtor's Motion for Authority to Sell Certain Trucks and Vehicles Free and Clear of Encumbrances Pursuant to 11 U.S.C. § 363 (Doc. No. 127).

**II.**     Articles 11.01 through 11.04 are stricken.

**III.**     The Court accepted the Debtor's proffer/*ore tenus* Modification as a resolution of the Objection filed by Reliant as follows:

Reliant has asserted a secured claim (Claim No. 20) and the Debtor has filed an Objection to Claim No. 20 (Doc. No. 143) ("Debtor's Objection to Reliant Claim"). The Debtor's Objection to the Reliant Claim will either be resolved by agreement of the parties or by the Court. In the interim, pending either a resolution by the parties or the Court, the Debtor and Reliant agree that any receipt by the Debtor of the Empire Litigation funds during the Plan term shall require further Court order before the Empire Litigation funds are paid to any other party, or otherwise disbursed or utilized by the Debtor. As a result, Reliant's Objection is sustained in part and overruled in part consistent with the terms set forth herein.

The Plan is modified to include Reliant as a secured creditor with a secured claim against the Empire Litigation funds pending further Court order.

The Court, having considered that any Objections to the Plan having been resolved, after notice and a hearing and for the reasons stated orally and recorded in open Court that shall constitute the decision of this Court, the Court finds and concludes as follows:

### <u>FINDINGS OF FACTS & CONCLUSIONS OF LAW</u>

A.    **<u>Jurisdiction</u>**.  The Court has jurisdiction over this matter under 28 U.S.C. §§ 157 and 1334, the United States District Court's general order of reference, and other various applicable provisions of the Bankruptcy Code[1] and the Federal Rules of Bankruptcy Procedure ("FRBP").

B.    **<u>Venue</u>**.  Venue before the Court is proper before this Court under 28 U.S.C. §§ 1408 and 1409.

C.    **<u>Notice</u>**.  Due, adequate, and sufficient notice of the Plan and the order setting a hearing on confirmation (Doc. No. 112) (the "Confirmation Hearing Order") were served upon all

---

[1] The term "Bankruptcy Code" refers to the applicable section(s) of 11 U.S.C. § 101, *et. seq.* unless otherwise indicated.

creditors, interest holders, and parties requesting notice. Accordingly, the method of service and solicitation of acceptance of the Plan, notice of the hearing to consider confirmation of the Plan, and notices of all other deadlines or requirements relating thereto (collectively, the "Confirmation Deadlines") were in compliance with the FRBP, were adequate and reasonable under the circumstances of this case, and no further or additional notice of the confirmation hearing or the confirmation deadlines was necessary or required.

D.     **Objections to Confirmation**. The objection to confirmation filed by Reliant Insurance Adjusters, Inc was resolved at the hearing as more specifically set forth herein. There are no other objections to confirmation.

E.     **Proper Classification of Claims – 11 U.S.C. §§ 1122 and 1123**. The Plan adequately and properly identifies and classifies all claims. Pursuant to 11 U.S.C. § 1122(a), the claims placed in each class are substantially similar to other claims in each such class. Pursuant to 11 U.S.C. § 1123(a)(1), valid legal and business reasons exist for the various classes of claims created under the Plan and such classification does not unfairly discriminate among holders of claims. The classification of claims in the Plan is reasonable.

F.     **Specified Unimpaired Classes – 11 U.S.C. § 1123(a)(2)**. The Plan specifies all classes or claims or interests that are not impaired under the plan.

G.     **Specified Treatment of Impaired Classes – 11 U.S.C. § 1123(a)(3)**. The Plan specifies the treatment of all classes of claims or interests that are impaired under the Plan.

H.     **No Discrimination – 11 U.S.C. § 1123(a)(4)**. The Plan provides for the same treatment of claims or interests in each respective class unless the holder of a particular claim or interest has agreed to a less favorable treatment of such claim or interest.

I.      **Implementation of the Plan – 11 U.S.C. § 1123(a)(5)**.  Article 7 of the Plan provides adequate means for the Plan's implementation.

J.      **Non-Voting Equity Securities/Allocation of Voting Power – 11 U.S.C. § 1123(a)(6)**.  This Plan does not intend to change the structure of its corporate governance to include different classes of shares or non-voting shares.

K.      **Interests of the Creditors, Equity Security Holders, & Public Policy – 11 U.S.C. § 1123(a)(7)**.  The Plan contains only provisions that are consistent with the interests of creditors and equity security holders and with public policy with respect to the manner of selection of any officer, director, or trustee under the Plan and any successor to such officer, director, or trustee.

L.      **Assumption & Rejection – 11 U.S.C. § 1123(b)(2)**.  Article 6 of the Plan pursuant to § 365 of the Bankruptcy Code, provides for the assumption, rejection, or assignment of any executory contract or unexpired lease of the Debtor not previously rejected under such section.

M.      **Additional Plan Provisions – 11 U.S.C. § 1123(b)(6)**.  Each of the provisions of the Plan is appropriate and not inconsistent with the applicable provisions of the Bankruptcy Code.

N.      **Principal Purpose of the Plan – 11 U.S.C. § 1129(d)**.  The principal purpose of the plan is not the avoidance of taxes or the avoidance of the application of section 5 of the Securities Act of 1933.

O.      **Subchapter V Plan Requirements – 11 U.S.C. § 1189**.  The Plan complies with § 1189(b) because it was filed by the Debtor not later than 90 days after the order for relief under Chapter 11.

P.      **Contents of a Subchapter V Plan – 11 U.S.C. § 1190**.  In compliance with § 1190, the Plan includes: (1) a brief history of the business operations of the debtor, (2) a liquidation

analysis, and (3) projections with respect to the ability of the Debtor to make payments under the proposed plan for reorganization.  No further disclosure is needed.

Q. **Satisfaction of Conditions – 11 U.S.C. § 1191(b)**.  The Court finds that the Plan satisfies the relevant provisions of 11 U.S.C. § 1191(b) and 11 U.S.C. § 1129(a), other than §§ 1129(a)(8) & (15), and notwithstanding 11 U.S.C. § 510(a), the Plan does not discriminate unfairly, and is fair and equitable, with respect to Classes 1 through 7 (the "Impaired Class").  With respect to the relevant provisions of § 1129(a), the Court finds and concludes as follows:

1. **11 U.S.C. § 1129(a)(1) and (a)(2)**.  The Plan and the plan proponent comply with the applicable provisions of the Bankruptcy Code.

2. **11 U.S.C. § 1129(a)(3)**.  The Plan was proposed in good faith and not by any means forbidden by law.

3. **11 U.S.C. § 1129(a)(4)**.  Any payment made or to be made by the Debtor, for services or for costs and expenses in or in connection with the case, or in connection with the Plan and incident to the case, has been approved by, or is subject to the approval of, the Court as reasonable.

4. **11 U.S.C. § 1129(a)(5)**.  The Plan has disclosed the identity and affiliations of any individual proposed to serve, after confirmation of the plan, as a director, officer, or voting trustee of the Debtor and the appointment to, or continuance in, such office of such individual, is consistent with the interests of creditors and equity security holders, and with public policy; and the Plan proponent has disclosed the identity of any insider that will be employed or retained by the debtor, and the nature of any compensation for such insider.

5. **11 U.S.C. § 1129(a)(7)**.  The Plan provides that, with respect to each impaired class of claims or interests, each holder of a claim or interest of such class has

accepted the plan, or will receive or retain under the plan on account of such claim or interest property of a value, as of the effective date of the plan, that is not less than the amount that such holder would so receive or retain if the debtor were liquidated under chapter 7 of this title on such date.

6.      **11 U.S.C. § 1129(a)(8)**.  With respect to each class of claims or interests, except for Classes 2 through 6, such class has accepted the Plan, or such class is not impaired under the Plan.  Classes 2 through 6 did not vote either to accept or reject the Plan.  As a result, the requirement of 11 U.S.C. § 1129(a)(8) is not met.

7.      **11 U.S.C. § 1129(a)(9)**.  Except to the extent that the holder of a particular claim has agreed to a different treatment of such claim, the Plan provides that with respect to a claim of a kind specified in section 507(a)(2) or 507(a)(3) of this title, on the effective date of the plan, the holder of such claim will receive on account of such claim cash equal to the allowed amount of such claim.

8.      **11 U.S.C. § 1129(a)(10)**.  If a class of claims is impaired under the Plan, at least one class of claims that is impaired under the Plan has accepted the Plan, determined without including any acceptance of the plan by any insider.  Class 1, Libertas Funding, LLC is impaired and has voted for the Plan.

9.      **11 U.S.C. § 1129(a)(11)**.  Confirmation of the Plan is not likely to be followed by any further liquidation, other than as proposed in the Plan.

10.      **11 U.S.C. § 1129(a)(16)**.  All transfers of property under the Plan shall be made in accordance with any applicable provisions of non-bankruptcy law that govern the transfer of property by a corporation or trust that is not a moneyed, business, or commercial corporation or trust.

With respect to Classes 2 through 6, the Court finds and concludes the Plan meets the requirements of 11 U.S.C. § 1129(b)(2)(A).  As of the Effective Date of the Plan, the Plan provides that the value of the property to be distributed under the Plan is not less than the projected disposable income of the Debtor in the 5-year period after the commencement of distributions under the Plan. As a result, the Plan may be confirmed under § 1191(b).

Accordingly, the Court **ORDERS**:

1.      **Confirmation**.   The plan is confirmed under 11 U.S.C. § 1191(b). No further disclosure is required.

2.      **Binding Effect of Plan**.  Pursuant 11 U.S.C. § 1141(a), except as provided in §§ 1141(d)(2) and (3), the provisions of the Plan as of the Effective Date bind the debtor and any creditor, whether or not the claim or interest of such creditor is impaired under the plan and whether or not such creditor has accepted the Plan.

3.      **Post-Confirmation Operation of Business or Completion of Liquidation Pursuant to the Plan**.  Except as otherwise provided in the Plan or in this Confirmation Order, on and after the Effective Date, the Debtor may operate its business consistent with its liquidating Plan and may use, acquire, and dispose of property free of any restrictions of the Bankruptcy Code and Bankruptcy Rules and in all respects as if there were no pending case under any chapter or provisions of the Bankruptcy Code.  Except as set forth in the Plan concerning objections to claims, the Debtor may also settle or compromise any claims without Court approval.

4.      **Effective Date**.  Alberto ("Al") F. Gomez, Jr. is directed to file and serve a notice of the effective date of the confirmed plan upon the occurrence of the Effective Date.  The Effective Date shall occur the first business day following the thirty (30) days after the entry of this Order.

5.  **Objections to Claims**.  The Debtor shall have sixty (60) days from the Effective Date to file any objection to claim or adversary proceeding with respect to any claim whether secured, priority or unsecured.

6.  **Plan Payments**.  Upon the Effective Date of the Plan, the Debtor shall commence making monthly payments to each class of creditors pursuant to the Plan, as modified by this Order.  A summary of the monthly plan payments is attached hereto as Exhibit 1 and incorporated herein by reference.

7.  **Distributions**.  The Debtor shall make the payments required under the Plan.

8.  **Subchapter V Trustee**.  The Subchapter V Trustee shall continue to monitor this case given that this case is confirmed pursuant to 11 U.S.C. § 1191(b).

9.  **United States Trustee Guidelines**.  The Debtor must comply with the guidelines set forth by the Office of the United States Trustee until the closing of this case by the issuance of a Final Decree by the Bankruptcy Court.

10.  **Effect of Confirmation Order on Plan**.  The failure to reference or address all or part of any particular provision of the Plan herein has no effect on the validity, binding effect, or enforceability of such provision and such provision has the same validity, binding effect, and enforceability as every other provision of the Plan.  To the extent that any inconsistencies exist between the terms of the Plan and this Confirmation Order, the terms of this Confirmation Order shall control.

11.  **Executory Contracts and Leases**. Except as otherwise provided in a separate order of the Court, all executory contracts and unexpired leases not otherwise assumed are deemed rejected as of the Effective Date.

12.     **Service of Confirmation Order**.  Alberto ("Al") F. Gomez, Jr. is directed to serve a copy of this Order on all parties and file a certificate of service within five (5) days of the entry of this Order.

13.     **Documents Required to Effectuate Plan**.  The Debtor is authorized to execute any and all documents reasonably required to effectuate the provisions of the Plan or prior Orders of this Court.

14.     **Jurisdiction**.  The Bankruptcy Court retains jurisdiction to:

a.      Resolve issues with respect to the Debtor's substantial consummation of the Plan and to the extent the Debtor seeks to amend or modify the plan;

b.      Resolve any motions, adversary proceedings, or contested matters, that are pending as of the date of substantial consummation;

c.      Adjudicate objections to claims;

d.      Resolve disputes with respect to any and all injunctions, if any, created as a result of confirmation of the Plan;

e.      Adjudicate modifications of the plan under 11 U.S.C. § 1193;

f.      Review and consider issues associated with the Debtor's final report and entry of final decree, and to enter a final decree; and

g.      Enter such orders as the Court deems necessary or appropriate with respect to enforcement of the Plan.

15.     **Objections to Confirmation**. Reliant's Objection to confirmation is sustained in part and overruled in part by agreement of the Parties and as a result of the Plan modifications described above.

16.     **Motion for Cramdown**.  The Motion for Cramdown is hereby granted.

17.     **Final Fee Applications**.  Any professional seeking an award of compensation for services rendered or reimbursement of expenses incurred through and including the Confirmation Date shall file supplements to their respective applications for allowance of compensation for

services rendered and reimbursement of expenses within twenty-one (21) days from the date of this Order.

18.    **Post-confirmation Status Conference**.    The Court shall conduct a post-confirmation Status Conference on **June 28, 2024 at 10:00 A.M.**

Attorney Alberto ("Al") F. Gomez, Jr. is directed to serve a copy of this order on interested parties who do not receive service by CM/ECF and file a proof of service within three (3) days of entry of this order.

**Island Roofing - Exhibit 1 - Summary of Plan Payments**

| Class No./Claim No. | Claimant | Admin Claim | Secured | Priority | Unsecured | Disputed* | Terms of the Plan** |
|---|---|---|---|---|---|---|---|
| Admin Claim | Marco Services & Sheet Metal, LLC | $7,560.00 | | | | | Admin Claimant will be paid in full from the proceeds of the sale and the net recovery from the Empire Litigation funds. |
| Admin Claim | Ruediger Mueller, Subchapter V Trustee | $4,518.00 | | | | | The Subchapter V Trustee's Admin claim will be paid in full from the pre-confirmation monthly retainers paid by the Debtor and any additional amounts owed shall be paid from the sale proceeds. |
| Admin Claim | Anthony Tirelli, Debtor's Special Counsel | Unknown: Special Counsel is paid on a contingency fee basis | | | | | Debtor's special counsel will be paid on a contingency fee basis upon the outcome of the Empire Litigation and the Prepared Insurance Litigation. |
| Admin Claim | Johnson Pope, Debtor's Counsel | $70,000.00 | | | | | Debtor's counsel will be paid in full from the net proceeds of the sale and the net recovery from the Empire Litigation funds. |

Exhibit 1

| Class 1/Claim No. 24 | Libertas Funding | $1,159,033.50 | Class 1 consists of the Allowed Secured Claim of Libertas Funding. The Debtor shall pay the Class 1 claim in full from the proceeds of the sale or any contribution by the guarantors in an amount to be negotiated. In their interim of the sale, the Debtor shall pay Libertas $13,757.00 per month beginning on the Effective Date of the Plan and continuing each month thereafter until Libertas is paid in full from the net sale proceeds in connection with the liquidation of the Debtor's Assets. The term of the Plan will be the earlier of three (3) years from the Effective Date or the date that is forty-five (45) days after the Debtor completes the (a) liquidation of all its Assets, (b) all claims have been resolved by the Court or by agreement of the parties and (c) distributions to allowed claims are made pursuant to the Plan. |

| Class 2/Scheduled Claim | Suncoast Roofer's Supply | | $577,564.54 | | | | Class 2 consists of the Allowed Secured Claim of SRS in the amount of $577,564.54. SRS did not file a proof of claim in this case. The Debtor scheduled the amount of $1,219,973.00 as the amount that was due to SRS on the date of filing. Since the Petition Date, the Debtor has made payments to SRS and at the time of the filing of this Summary, the Debtor believes that the total amount owed to SRS is now $577,564.54. The Class 2 Claim has not been finally determined by the Court to be a valid, perfected, secured claim. This determination shall be made prior to any distribution under this Plan, but no later than sixty (60) days after the Effective Date, unless otherwise extended by Order of the Court. For purposes of this Plan, the Plan assumes that the secured claim shall be valid, enforceable and considered an Allowed Secured Claim.    Class 2 shall be paid consistent with its lien on certain projects. The Debtor shall also pay SRS from the sale of the Assets during the term of the Plan. |
| Class 3 | Jason and Joshua Martin | $0.00 | | | | | Class 3 consists of the Allowed Secured Claim of Jason Martin and Joshua Martin based on DIP Financing, if any. As of the filing of the Plan, no DIP Financing was necessary. Class 3 will receive no distributions under the plan. |

| Class 4/Claim No. 2 | Ford Motor Credit | $25,246.87 | Class 4 consists of the Allowed Secured Claims of Ford Motor Credit Company, LLC ("Ford") who filed Claim No. 2 in the amount of $25,246.87 in connection with a 2020 Ford F150, VIN: 28361 and Claim No 3 in the amount of $24,278.17 in connection with a 2020 Ford F150, VIN: 08901. Pursuant to the Debtor's Vehicle Sale Motion, the Debtor shall sell the two 2020 Ford F150, VIN: 28361 and 08901 ("Vehicles") and pay the claims of Class 4 in full from the sale proceeds. In the event that the sale proceeds are insufficient to pay the Class 4 Claims in full, any deficiency claims shall be treated as a general unsecured claim in Class 7. |
| Class 4/Claim No. 3 | Ford Motor Credit | $24,278.17 | Please see above. |
| Class 5/Claim No. 4 | Ally Bank | $44,248.68 | Class 5 consists of the Allowed Secured Claims of Ally Bank c/o AIS Portfolio Services, LLC ("Ally") who filed Claim No. 4 in the amount of $44,248.68 in connection with a 2023 Chevrolet Silverado, VIN: 156205 and Claim No. 5 in the amount of $55,844.04 in connection with a 2020 Chevrolet Silverado, VIN: 222399. Pursuant to the Debtor's Vehicle Sale Motion, the Debtor shall sell the 2023 Silverado and the 2020 Silverado ("Vehicles") and pay the claims of Class 5 in full of the sale proceeds. In the event that the sale proceeds are insufficient to pay the Class 5 Claims in full, any deficiency claims shall be treated as a general unsecured claim in Class 7. |
| Class 5/Claim No. 5 | Ally Bank | $55,844.04 | Please see above. |

| Class/Claim | Creditor | Amount | | | Treatment |
|---|---|---|---|---|---|
| Class 6/Claim No. 9 | Wells Fargo | $22,000.00 | | | Class 6 consists of the Allowed Secured Claim of Wells Fargo Bank who filed Claim No. 9 in the amount of $22,000.00 in connection with a Xtreme Variable Reach Forklift ("Forklift") and an unsecured deficiency claim in the amount of $27,670.58 (Please see below for treatment of the unsecured claim). The Debtor shall sell the Forklift and shall pay the claim of Class 6 in full from the sale proceeds. In the event that the sale proceeds are insufficient to pay the Class 6 claim in full, any deficiency claim will be treated as a general unsecured claim in Class 7. |
| Secured Claim No. 20 | Reliant | $723,319.50 | X | | Reliant has asserted a secured claim (Claim No. 20) and the Debtor has filed an Objection to Claim No. 20 (Doc. No. 143) ("Debtor's Objection to Reliant Claim No. 20"). The Debtor's Objection to the Reliant Claim No. 20 will either be resolved by agreement of the parties or by the Court. In the interim, pending either a resolution by the parties or the Court, the Debtor and Reliant agree that any receipt by the Debtor of the Empire Litigation funds during the Plan term shall require further Court order before the Empire Litigation funds are paid to any other party, or otherwise disbursed or utilized by the Debtor. |
| Priority tax claim/Claim No. 13 | IRS | $0.00 | | | The IRS amended its claim to $0.00. As a result the IRS will not receive a distribution under the Plan. |
| Priority tax claim/Claim No. 7 | Lee County Tax Collector | $7,389.31 | | | All allowed priority tax claims will be paid in full from the net sale proceeds. |
| Priority tax claim/Claim No. 8 | Lee County Tax Collector | $1,197.05 | | | All allowed priority tax claims will be paid in full from the net sale proceeds. |

| Class 7/Claim No. 1 | T Mobile/T-Mobile USA | $228.43 | Each Holder of an allowed unsecured claim shall receive a pro-rata share of the net recovery from the liquidation of all Assets, collection of accounts receivable, and net recovery from the Empire Litigation after the Effective Date and after payment of all Administrative Expense Claims, Priority Tax Claims, and all allowed Secured Claims in Classes 1 through 5 are paid in full consistent with the Plan. |
| Class 7/Claim No. 6 | ABC Supply | $820,218.46 | Each Holder of an allowed unsecured claim shall receive a pro-rata share of the net recovery from the liquidation of all Assets, collection of accounts receivable, and net recovery from the Empire Litigation after the Effective Date and after payment of all Administrative Expense Claims, Priority Tax Claims, and all allowed Secured Claims in Classes 1 through 5 are paid in full consistent with the Plan. |
| Class 7/Claim No. 9 | Wells Fargo | $49,670.58 | Each Holder of an allowed unsecured claim shall receive a pro-rata share of the net recovery from the liquidation of all Assets, collection of accounts receivable, and net recovery from the Empire Litigation after the Effective Date and after payment of all Administrative Expense Claims, Priority Tax Claims, and all allowed Secured Claims in Classes 1 through 5 are paid in full consistent with the Plan. |

| Class 7/Claim No. 20 | Reliant | | | | $68,000.00 | X | Each Holder of an allowed unsecured claim shall receive a pro-rata share of the net recovery from the liquidation of all Assets, collection of accounts receivable, and net recovery from the Empire Litigation after the Effective Date and after payment of all Administrative Expense Claims, Priority Tax Claims, and all allowed Secured Claims in Classes 1 through 5 are paid in full consistent with the Plan. |
| Class 7/Claim No. 10 | De Lage Landen | | | | $14,880.04 | | Each Holder of an allowed unsecured claim shall receive a pro-rata share of the net recovery from the liquidation of all Assets, collection of accounts receivable, and net recovery from the Empire Litigation after the Effective Date and after payment of all Administrative Expense Claims, Priority Tax Claims, and all allowed Secured Claims in Classes 1 through 5 are paid in full consistent with the Plan. |
| Class 7/Claim No. 11 | Larkin | | | | $57,000.00 | X | Each Holder of an allowed unsecured claim shall receive a pro-rata share of the net recovery from the liquidation of all Assets, collection of accounts receivable, and net recovery from the Empire Litigation after the Effective Date and after payment of all Administrative Expense Claims, Priority Tax Claims, and all allowed Secured Claims in Classes 1 through 5 are paid in full consistent with the Plan. |

| Class 7/Claim No. 12 | Power Bolt & Tool | $34,417.97 | Each Holder of an allowed unsecured claim shall receive a pro-rata share of the net recovery from the liquidation of all Assets, collection of accounts receivable, and net recovery from the Empire Litigation after the Effective Date and after payment of all Administrative Expense Claims, Priority Tax Claims, and all allowed Secured Claims in Classes 1 through 5 are paid in full consistent with the Plan. |
| Class 7/Claim No. 14 | NB Handy Company | $2,665.78 | Each Holder of an allowed unsecured claim shall receive a pro-rata share of the net recovery from the liquidation of all Assets, collection of accounts receivable, and net recovery from the Empire Litigation after the Effective Date and after payment of all Administrative Expense Claims, Priority Tax Claims, and all allowed Secured Claims in Classes 1 through 5 are paid in full consistent with the Plan. |
| Class 7/Claim No. 15 | FCCI Insurance | $250,000.00 | Each Holder of an allowed unsecured claim shall receive a pro-rata share of the net recovery from the liquidation of all Assets, collection of accounts receivable, and net recovery from the Empire Litigation after the Effective Date and after payment of all Administrative Expense Claims, Priority Tax Claims, and all allowed Secured Claims in Classes 1 through 5 are paid in full consistent with the Plan. |

| | | | | | |
|---|---|---|---|---|---|
| Class 7/Claim No. 16 | Isla Mar in Old Naples Condo Assoc | | $80,000.00 | | Each Holder of an allowed unsecured claim shall receive a pro-rata share of the net recovery from the liquidation of all Assets, collection of accounts receivable, and net recovery from the Empire Litigation after the Effective Date and after payment of all Administrative Expense Claims, Priority Tax Claims, and all allowed Secured Claims in Classes 1 through 5 are paid in full consistent with the Plan. |
| Class 7/Claim No. 17 | Thomas Caffrey | | $2,262,071.00 | X | Each Holder of an allowed unsecured claim shall receive a pro-rata share of the net recovery from the liquidation of all Assets, collection of accounts receivable, and net recovery from the Empire Litigation after the Effective Date and after payment of all Administrative Expense Claims, Priority Tax Claims, and all allowed Secured Claims in Classes 1 through 5 are paid in full consistent with the Plan. |
| Class 7/Claim No. 18 | Frank's Roofing & Spraying | | $84,000.00 | | Each Holder of an allowed unsecured claim shall receive a pro-rata share of the net recovery from the liquidation of all Assets, collection of accounts receivable, and net recovery from the Empire Litigation after the Effective Date and after payment of all Administrative Expense Claims, Priority Tax Claims, and all allowed Secured Claims in Classes 1 through 5 are paid in full consistent with the Plan. |

| | | | | |
|---|---|---|---|---|
| Class 7/Claim No. 19 | NRG2 | $2,046,000.00 | X | Each Holder of an allowed unsecured claim shall receive a pro-rata share of the net recovery from the liquidation of all Assets, collection of accounts receivable, and net recovery from the Empire Litigation after the Effective Date and after payment of all Administrative Expense Claims, Priority Tax Claims, and all allowed Secured Claims in Classes 1 through 5 are paid in full consistent with the Plan. |
| Class 7/Claim No. 21 | Reliant | $652,000.00 | X | Reliant has asserted an unsecured claim (Claim No. 21) and the Debtor has filed an Objection to Claim No. 21 (Doc. No. 144) ("Debtor's Objection to Reliant Claim No. 21"). The Debtor's Objection to the Reliant Claim No. 21 will either be resolved by agreement of the parties or by the Court. In the interim, pending either a resolution by the parties or the Court, the Debtor and Reliant agree that any receipt by the Debtor of the Empire Litigation funds during the Plan term shall require further Court order before the Empire Litigation funds are paid to any other party, or otherwise disbursed or utilized by the Debtor. |
| Class 7/Claim No. 22 | Cellco Parnerhsip d/b/a Verizon Wireless | $8,243.36 | X | Each Holder of an allowed unsecured claim shall receive a pro-rata share of the net recovery from the liquidation of all Assets, collection of accounts receivable, and net recovery from the Empire Litigation after the Effective Date and after payment of all Administrative Expense Claims, Priority Tax Claims, and all allowed Secured Claims in Classes 1 through 5 are paid in full consistent with the Plan. |

| Class 7/Claim No. 23 | Heatherwood Construction Co | | | | $12,131.47 | Each Holder of an allowed unsecured claim shall receive a pro-rata share of the net recovery from the liquidation of all Assets, collection of accounts receivable, and net recovery from the Empire Litigation after the Effective Date and after payment of all Administrative Expense Claims, Priority Tax Claims, and all allowed Secured Claims in Classes 1 through 5 are paid in full consistent with the Plan. |
| Class 7/Claim No. 25 | Olde Florida Contracting | | | | $80,000.00 | Each Holder of an allowed unsecured claim shall receive a pro-rata share of the net recovery from the liquidation of all Assets, collection of accounts receivable, and net recovery from the Empire Litigation after the Effective Date and after payment of all Administrative Expense Claims, Priority Tax Claims, and all allowed Secured Claims in Classes 1 through 5 are paid in full consistent with the Plan. |
| Class 7/Claim No. 26 | Clermont Condominium Association | | | | $178,053.00 | Each Holder of an allowed unsecured claim shall receive a pro-rata share of the net recovery from the liquidation of all Assets, collection of accounts receivable, and net recovery from the Empire Litigation after the Effective Date and after payment of all Administrative Expense Claims, Priority Tax Claims, and all allowed Secured Claims in Classes 1 through 5 are paid in full consistent with the Plan. |

| | | | |
|---|---|---|---|
| Class 7/Claim No. 27 | First Arkansas Bank & Trust/First Florida Integrity Bank | $50,935.68 | Each Holder of an allowed unsecured claim shall receive a pro-rata share of the net recovery from the liquidation of all Assets, collection of accounts receivable, and net recovery from the Empire Litigation after the Effective Date and after payment of all Administrative Expense Claims, Priority Tax Claims, and all allowed Secured Claims in Classes 1 through 5 are paid in full consistent with the Plan. |
| Class 7/Claim No. 28 | GTS Consulting, LLC | $2,400.00 | Each Holder of an allowed unsecured claim shall receive a pro-rata share of the net recovery from the liquidation of all Assets, collection of accounts receivable, and net recovery from the Empire Litigation after the Effective Date and after payment of all Administrative Expense Claims, Priority Tax Claims, and all allowed Secured Claims in Classes 1 through 5 are paid in full consistent with the Plan. |
| Class 7/Scheduled Claim | Jason and Joshua Martin | $645,417.97 | Each Holder of an allowed unsecured claim shall receive a pro-rata share of the net recovery from the liquidation of all Assets, collection of accounts receivable, and net recovery from the Empire Litigation after the Effective Date and after payment of all Administrative Expense Claims, Priority Tax Claims, and all allowed Secured Claims in Classes 1 through 5 are paid in full consistent with the Plan. |

| Class | Creditor | Amount | | Treatment |
|---|---|---|---|---|
| Class 7/Scheduled Claim | Mesh Pay USA | $795,356.43 | | Each Holder of an allowed unsecured claim shall receive a pro-rata share of the net recovery from the liquidation of all Assets, collection of accounts receivable, and net recovery from the Empire Litigation after the Effective Date and after payment of all Administrative Expense Claims, Priority Tax Claims, and all allowed Secured Claims in Classes 1 through 5 are paid in full consistent with the Plan. |
| Class 7/Scheduled Claim | PMB Holdings | Unknown | X | Each Holder of an allowed unsecured claim shall receive a pro-rata share of the net recovery from the liquidation of all Assets, collection of accounts receivable, and net recovery from the Empire Litigation after the Effective Date and after payment of all Administrative Expense Claims, Priority Tax Claims, and all allowed Secured Claims in Classes 1 through 5 are paid in full consistent with the Plan. |
| Class 7/Scheduled Claim | Sims Crane & Equipment | $0.00 | | Claim scheduled for informational purposes only. Creditor did not file a proof of claim and therefore will not receive a distribution under the Plan. |
| Class 7/Scheduled Claim | SPEC Building Mat Corp | $0.00 | | Claim scheduled for informational purposes only. Creditor did not file a proof of claim and therefore will not receive a distribution under the Plan. |
| Class 7/Scheduled Claim | Spectra Gutter Systems | $0.00 | | Claim scheduled for informational purposes only. Creditor did not file a proof of claim and therefore will not receive a distribution under the Plan. |
| Class 7/Scheduled Claim | Sunniland Corporation | $0.00 | | Claim scheduled for informational purposes only. Creditor did not file a proof of claim and therefore will not receive a distribution under the Plan. |

| Claim | Creditor | | | | Treatment |
|---|---|---|---|---|---|
| Class 7/Scheduled Claim | Tower Hill Preferred Insurance | $10,000.00 | | | Each Holder of an allowed unsecured claim shall receive a pro-rata share of the net recovery from the liquidation of all Assets, collection of accounts receivable, and net recovery from the Empire Litigation after the Effective Date and after payment of all Administrative Expense Claims, Priority Tax Claims, and all allowed Secured Claims in Classes 1 through 5 are paid in full consistent with the Plan. |
| Class 7/Scheduled Claim | Wex Bank | | $0.00 | | Claim scheduled for informational purposes only. Creditor did not file a proof of claim and therefore will not receive a distribution under the Plan. |
| Class 7/Scheduled Claim | Jon M. Gustafson | | | Unknown  X | Each Holder of an allowed unsecured claim shall receive a pro-rata share of the net recovery from the liquidation of all Assets, collection of accounts receivable, and net recovery from the Empire Litigation after the Effective Date and after payment of all Administrative Expense Claims, Priority Tax Claims, and all allowed Secured Claims in Classes 1 through 5 are paid in full consistent with the Plan. |
| | totals | $894,937.26 | $8,586.36 | $6,752,915.77 | |

*Pursuant to the Plan, the Debtor has sixty (60) days from the Effective Date of the Plan to file any objection to claim or adversary proceeding with respect to any claim whether secured, priority or unsecured.

**The Debtor's plan is a liquidating plan and creditors will be paid upon the sale of the Debtor's vehicles and other equipment, collection of accounts receivable and net proceeds from recovery of litigation, such as the Empire Litigation. The Debtor anticipates that the sale of the vehicles will occur by May 10, 2024 and the sale of other equipment during the 36-month term of the Plan. The Debtor shall fund its Plan through an orderly liquidation, including but not limited to, (a) sale of vehicles, inventory, and other tangible assets; (b) collection of accounts receivable; (c) collection of amounts owed on retainage for completed projects; and (d) litigation related collections such as the Empire Litigation.