**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FT. MYERS DIVISION**
www.flsb.uscourts.gov

IN RE:  Case No. 2:23-bk-01419-FMD
**ISLAND ROOFING AND RESTORATION**
**LLC. F/K/A ISLAND ROOFING LLC.**  Chapter 11, Subchapter V

Debtor.
_____/

**CREDITOR NRG2, LLC'S MOTION FOR LEAVE TO FILE RESPONSE OUT OF TIME AND RESPONSE IN OPPOSITION TO DEBTOR'S MOTION TO AMEND CLAIM OBJECTION**

NRG2, LLC ("NRG2" or "Creditor"), by and through undersigned counsel, files (I) its Motion for Leave to File this Response Out of Time and (II) its Response in Opposition to the Debtor's Motion to Amend Claim Objection to Conform to the Evidence Presented at Trial (DE# 379) (the "Motion"), as supplemented (DE# 389) (the "Supplement"), and states:

### I. MOTION FOR LEAVE TO FILE RESPONSE OUT OF TIME

1. On January 5, 2026, the Court entered the Order on Debtor's Motion to Amend Claim Objection to Conform to the Evidence Presented at Trial (the "Order"). The Order directed Debtor to file a supplement within 14 days and directed NRG2 to file a written response within 14 days after Debtor filed its supplement.

2. Debtor filed the Supplement on January 20, 2026. The due date for the supplement was January 19, 2026.

3. NRG2 acknowledges its response is being filed after the deadline calculated from the Supplement, due to a good-faith calendaring/assignment confusion: undersigned counsel understood that trial counsel who attended the evidentiary hearing would file the response, while trial counsel believed undersigned counsel would do so. This was promptly corrected once discovered.

4. NRG2 respectfully submits this constitutes excusable neglect. The delay was not intended to prejudice Debtor, was the product of confusion rather than bad faith, and allowance of this filing will assist the Court in resolving the Motion on the merits.

5. Further, NRG2 notes that Debtor's Supplement itself appears to have been filed one day after the 14-day deadline from the January 5 Order and Debtor has requested relief from the Court notwithstanding that timing. Equity supports allowing both parties to be heard on the merits.

## II. RESPONSE IN OPPOSITION

### A. Relevant Background

6. Debtor's Motion seeks to amend Debtor's claim objection post-trial "to conform to the evidence presented at trial." The Court's January 5 Order required Debtor to provide record citations supporting statements in paragraph 9 of the Motion and allowed NRG2 to respond.
7. Debtor's Supplement primarily cites selected excerpts of the deposition transcript of NRG2's manager/corporate representative and argues (i) Debtor never signed the written agreement attached to the claim, (ii) the parties operated under an oral understanding, and (iii) NRG2 allegedly failed to perform certain services for certain projects and thus did not earn commissions.
8. Debtor's representatives themselves admitted that NRG2, LLC performed work and should be compensated for same.
9. Creditor respectfully submits that the deposition testimony, when read in its entirety, does not establish that NRG2, LLC's claim should be disallowed. The testimony reflects that NRG2, LLC performed substantial work for Debtor, including on the projects at issue, and that commissions were earned and paid on numerous jobs. The existence of an unsigned written contract does not preclude the enforceability of the parties' agreement, whether written, oral, or implied by conduct. Under applicable law, a contract may be formed and enforced based on the parties' actions and course of dealing, even in the absence of a fully executed written instrument. *Restatement (Second) of Contracts § 4.*

## B. The Motion Should Be Denied Because Debtor Is Attempting an Improper Post-Trial Pivot That Prejudices NRG2

8. Debtor's requested relief is an attempt to reshape its objection after the evidentiary hearing to fit a different theory and different "elements" than were litigated at trial. The Court should deny the Motion because amendment "to conform to the evidence" is not a vehicle to change the case after the proof is in, particularly where the issue was not tried by express or implied consent and where the amendment would prejudice the opposing party.
9. The Supplement underscores the prejudice. Debtor now asks the Court to evaluate enforceability of an alleged oral agreement, performance under a purported service checklist, and alleged nonperformance as to specific projects—issues that would require additional evidence, additional witnesses, and a fair opportunity for NRG2 to rebut with documents and testimony (including course of dealing, invoices, communications, and the parties' performance history).
10. If the Court is inclined to allow any amendment at all, NRG2 respectfully requests that the Court reopen the evidentiary record and permit NRG2 to present rebuttal evidence and testimony targeted to Debtor's newly emphasized theories, because a post-trial amendment without reopening the record would materially prejudice NRG2.

## C. The Supplement Does Not Establish That NRG2's Claim Should Be Disallowed

11. A properly filed proof of claim is prima facie valid. The objecting party bears the burden to produce evidence sufficient to overcome that prima facie validity, and the ultimate burden remains with the claimant only after the objector meets its burden.
12. Debtor's Supplement does not meet that standard. It is comprised of selective deposition excerpts and advocacy, but does not establish (a) that no enforceable agreement existed, (b) that NRG2 did not earn commissions, or (c) that the amounts in Claim No. 19 are not due.
13. Even assuming arguendo that the written agreement was not executed by Debtor, that does not automatically render it unenforceable. Parties may be bound by an agreement through performance, ratification, course of dealing, or other assent, and Debtor's own

    contentions reflect a multi-project relationship in which commissions were paid on numerous jobs—facts consistent with an enforceable agreement and inconsistent with Debtor's attempt to treat the relationship as non-binding for the projects at issue.

14. The Supplement also suggests alleged nonperformance by NRG2 on certain projects; however, the cited excerpts reflect, at most, disputed factual issues (including whether NRG2 was prevented from completing work, whether the project was completed, what tasks were required for payment, and how and when commissions were earned). Those disputes do not justify rewriting the pleadings post-trial; they underscore why Debtor's request would unfairly deprive NRG2 of a full and fair opportunity to address Debtor's reframed theories.

15. Creditor maintains that its claim is valid and enforceable. The record demonstrates that NRG2, LLC provided valuable services to Debtor, and that Debtor benefited from those services. To the extent Debtor argues that certain conditions precedent to payment were not satisfied, Creditor disputes those factual assertions and submits that any such issues are, at most, matters for evidentiary determination and do not warrant disallowance of the claim as a matter of law.

**D. Debtor's Late "Supplemental Citations" Do Not Cure the Core Defect: The Motion Is Still an After-the-Fact Recharacterization**

15. The Court's Order required record citations for paragraph 9 statements. Debtor has now provided citations, but those citations do not entitle Debtor to the ultimate relief requested—i.e., to deem an amended objection filed and effectively re-litigate the objection under a revised theory after trial.

16. The Motion should therefore be denied. Alternatively, any amendment should be conditioned on reopening the evidentiary record and allowing NRG2 an opportunity to present responsive evidence and argument.

**WHEREFORE**, NRG2 respectfully requests that the Court:

    A. Grant NRG2 leave to file this Response out of time;
    B. Deny Debtor's Motion to Amend Objection to Claim No. 19 to Conform to the

Evidence;

C. In the alternative, if amendment is permitted, reopen the evidentiary record and set procedures allowing NRG2 to submit rebuttal evidence and testimony and be heard; and

D. Grant such other relief as the Court deems just.

Dated February 19, 2026

        Respectfully Submitted,

        Aimee Melich Law, P.A.
*Counsel for Creditor*
7480 Bird Road, Suite 601
Miami, FL 33155
Tel: 786-583-8214
Aimee@MelichLaw.com

By: ***/s/Aimee Melich, Esq.***
Aimee Melich, Esq./FBN.: 95066